*Gray*, for plaintiff.
*J. A. Bayard*, for defendant.

--→>>)●◯●((←--

### HOLLAND & CRAWFORD *vs*. LESLIE & WHITE.

A corporation cannot be summoned as a *garnishee*.

FOREIGN attachment.    Case.

Returned attachment laid in the hands of James Canby, Esq., President of the Wilmington and Susquehanna Rail Road Company. Rule to show cause why the service of the attachment on James Canby, Esq., President of the Wilmington and Susquehanna Rail Road Company, should not be set aside, and the attachment dissolved.

*Bayard*, for the company, contended that the corporation was not liable to be summoned as a garnishee.    The president has no authority to admit a debt due from it.    He cannot bind the company by such admission; nor can he be compelled to swear.    He is not indeed, supposed to know their liabilities, and has not in fact in his custody the effects of their creditors.    And if the president refuses to answer, whom would the court attach?    I dont doubt but that a corporation might be made liable under proper legislative provisions, pointing out what officer or person should for this purpose represent the corporation; but how is it to be done in the absence of such provisions.

*Rodney.*—Whatever acts a corporation may do for its own benefit, a court of law, as well as a court of equity, will compel it to do as to others. Courts regard corporations in many respects as individuals. A corporation may prove a debt under a commission of bankruptcy, by the oath of a person authorized under seal. 1 *Swanston,* 10.

The objection is, that a corporation cannot make an oath. Now, if they can make an oath for their benefit, why should not they be compelled to swear to charge themselves when a third person is interested. Why should they have the benefit of an individual, and not be subject to the same liabilities? And if the company will not provide an officer to do this duty, with power to charge them, the court will direct what officer shall be sworn. The court will compel the officers of a company to make a discovery to a bill in chancery. 1 *Vern.* 117; 3 *P. Wms.* 310. Sooner than suffer the ends of justice to be defeated by the refusal of this company to appoint an officer who may answer what it owes to these defendants, the court will direct what officer shall make the answer.

*By the Court:*

The difficulty is, how to enforce the attachment if the company should refuse to answer. We could not appoint a person to answer, or direct them to appoint some one to do it, as a court of equity might possibly do. The act of assembly contemplates only individuals; it gives no power to this court in relation to corporations. By positive act of assembly, stock in corporations are made liable to attachment; this was an advance on the subject: but the legislature have not gone so far as to make them liable to being summoned as garnishees, and to provide the means of compelling them to answer. The law seems to be defective; but such is the law as we understand it. We have never known a corporation attached as a garnishee. Where there is insolvency, and danger of losing the money, the party might perhaps go into equity and stop the money in the hands of the company.

Rule absolute.

*J. A. Bayard,* in support of the rule.
*Rodney,* contra.